UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

Lisa Richmond
Plaintiff,

v.

Minnesota Judicial Branch, et al.,
Defendants.

25 CV 671 - MAV

Case No. _____

**CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §1983
WITH REQUEST FOR EMERGENCY INJUNCTION, MOTION TO TRANSFER
VENUE, MOTION TO PROCEED IN FORMA PAUPERIS, AND MOTION TO
APPOINT FORENSIC EXPERT AND COUNSEL**

## I. INTRODUCTION

Plaintiff Lisa Richmond brings this action under 42 U.S.C. §1983 and related federal law for systemic and retaliatory violations of her constitutional rights by multiple Minnesota public officials, law enforcement agencies, judicial officers, and CPS workers in both Minnesota and New York. Plaintiff has suffered sustained persecution, digital and physical surveillance, deprivation of due process, defamation, and intentional deprivation of familial association with her grandchildren, all under color of law. These actions have rendered Plaintiff homeless, unsafe, and silenced for over two years.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 28 U.S.C. ¡3443 (civil rights actions). Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and harms occurred in this district, and Plaintiff resides here. Plaintiff also seeks a transfer of any proceedings now or previously held in Minnesota due to documented conflicts of interest, threats, and retaliation.

## III. PARTIES

**Plaintiff:**
Lisa Richmond
21 W 5th St

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NEW YORK**

---

**LISA N. RICHMOND**,

Plaintiff,

v.

**STATE OF MINNESOTA,**

SCOTT COUNTY COURT,

DAKOTA COUNTY COURT,

RICE COUNTY COURT,

CARVER COUNTY COURT,

HENNEPIN COUNTY COURT,

JUDGES: CHARLES WEBBER, MICHAEL WETZELL, CAROLINE HENNEN and OTHER JUDICIAL OFFICIALS NAMED IN AFFIDAVIT

PUBLIC DEFENDERS: GRANT SANDERS, USHNA ALTAF, and ADDITIONAL PUBLIC DEFENDERS,

PSYCHOLOGIST JESSICA ZELIKMAN,

DEFENDANTS: RANDY SCHULTZ , KENNETH JOHNSON and OTHER DEFENDANTS NAMED IN THE AFFIDAVIT

MINNESOTA BOARD OF PUBLIC DEFENSE,

CPS WORKERS, COURT STAFF, AND JOHN/JANE DOES 1–20,

Allegany, NY 14706
Email: wileyme85@gmail.com
Pro Se

**Defendants include:**

- Minnesota Judicial Branch (including Judge Charles Webber and Judge Caroline Hennen)
- Attorneys Timothy O'Brien and Christian [Last Name Unknown]
- Public Defender Board Director Kevin Kajer
- Farmington Police Department and Officer Monroe
- Minnesota CPS officials
- Cattaraugus County CPS, Caseworker and Supervisor (NY)
- Shivvon and Douglas Burnett (foster family)
- Megan Burnett (grandchild's mother)
- Others to be named upon discovery

## IV. FACTUAL BACKGROUND

Plaintiff is a long-time caregiver and grandparent to two young children who resided with her for over five years. At various points in time, Plaintiff ran a licensed daycare and has acted as a mandated reporter of child abuse and neglect.

In 2022, Plaintiff was falsely accused of conduct which resulted in supervised visitation being ordered against her without due process or satisfying any statutory basis. Despite no history of abuse, neglect, substance abuse, or mental instability, the courts imposed a severe visitation restriction.

Plaintiff objected via email to the Minnesota family court, challenging the unfairness of the proposed settlement and revealing conflicts of interest. Her own court-appointed attorney, Timothy O'Brien, pressured her to sign the agreement, even though his wife was a sitting judge in the same courthouse with the presiding judge, Charles Webber. Plaintiff's objections were ignored.

Plaintiff's grandparental rights were then retaliatorily terminated after she made a lawful report to CPS in December 2024, following concerning statements reported to her from a school bus worker. Judge Webber had previously issued an unconstitutional order prohibiting Plaintiff from calling 911 or CPS—an order that directly violates her First Amendment rights and public safety obligations.

Plaintiff was further targeted by digital surveillance, including hacking, cloned devices, manipulated public records, and sabotage of her SSA and housing benefits. Her eviction

---

## III. PARTIES

Lisa N. Richmond, Plaintiff, currently resides at 21 W 5th St, Allegany, NY 14706.

Defendants are Minnesota officials, judges, court systems, and public defense personnel who engaged in unlawful actions under color of law.

---

## IV. FACTUAL BACKGROUND

**a.** False criminal charges in Scott County for "grand theft auto" involving a man (Randy) who sexually violated Lisa and was subject to a DANCO order.

**b.** Lisa went to the hospital; Randy went to jail. Over a year later, Lisa is charged and threatened.

**c.** Randy's son falsely accused Lisa; Lisa's public defenders refused to act.

**d.** Court dates were missed due to stolen mail, yet Lisa provided proof and had prior warrants quashed.

**e.** Warrants issued again in Dakota, Rice, and Hennepin — often for events Lisa never attended or for charges like a Walmart ban warning.

**f.** Court dates were intentionally double-booked and attorneys never informed her.

**g.** Lisa was ordered to complete fraudulent assessments, despite previous valid psychological evaluations.

**h.** Public defenders failed to report court misconduct or protect Lisa's rights.

**i.**      Lisa is now unable to seek cancer surgery, trauma therapy, carpal tunnel revision, or medical testing because of fear of arrest.

**j.** Meanwhile, she has been under 24/7 illegal surveillance, with calls, texts, emails intercepted, and contacts harassed or warned not to help her.

**k.** Lisa cannot reach out for help about her father's mysterious passing.

**l.** All attempts to seek justice for her grandsons and her role as a caregiver have been met with blacklisting, suppression, and targeting.

---

coincided with a violent incident in the same county involving related parties, suggesting a coordinated effort to destabilize and silence Plaintiff.

Despite sending CPS documentation, audio, and medical records disputing her alleged "incompetence," no fair hearing was granted. Several Minnesota counties then attempted to impose further fraudulent Rule 20 evaluations. Plaintiff remains homeless, ostracized, and prevented from accessing education, benefits, and basic civil remedies.

## V. LEGAL CLAIMS

**Count I – Violation of First Amendment Rights (Free Speech and Petition)**
Plaintiff was retaliated against for exercising her right to contact CPS and report suspected child abuse. Judge Charles Webber unlawfully ordered that she could no longer contact 911 or CPS, then used her attempt to protect her grandchildren as the sole reason to terminate her visitation and grandparent rights. This retaliatory conduct violated Plaintiff's rights under the First Amendment to speak freely and to petition the government for redress of grievances.

**Count II – Violation of Fourteenth Amendment (Due Process and Equal Protection)**
Plaintiff was subjected to restrictions on her liberty and family association without any legitimate basis, hearing, or factual findings. Supervised visitation was imposed without the statutory factors being met. Grandparent rights were terminated without a proper petition, evidentiary hearing, or notice. Plaintiff was further denied equal protection as similarly situated individuals would not have been so treated.

**Count III – Retaliatory Conduct Under Color of Law**
State actors — including judges, attorneys, and CPS workers — acted under color of state law to punish Plaintiff for engaging in constitutionally protected activity. This included false criminal charges, manipulated court filings, blocked benefits, and removal of housing. Retaliation included denial of education, healthcare access, and sabotage of her digital communications.

**Count IV – Judicial Misconduct and Conflict of Interest**
Attorney Timothy O'Brien pressured Plaintiff to sign a family court "settlement" in which her rights were reduced, despite having a conflict of interest — his spouse was a judge sitting in the same courthouse as Judge Webber. When Plaintiff objected by email and asserted her qualifications as a mandated reporter and licensed child care provider, she was ignored and further retaliated against.

**Count V – Conspiracy to Interfere with Civil Rights (42 U.S.C. §1985)**
Multiple government officials, law enforcement personnel, and court actors acted in concert to interfere with Plaintiff's federally protected rights, including her right to a fair trial, to parent and maintain a relationship with her grandchildren, to safety, and to redress grievances. These conspiracies were fueled by animus, corruption, and political protection of abusers, resulting in systemic denial of relief.

## V. CLAIMS FOR RELIEF

**1**. Violation of First Amendment – retaliation for advocacy and petitioning the courts

**2**. Violation of Fourth Amendment – unlawful digital surveillance and interception of communications

**3**. Violation of Fourteenth Amendment – denial of due process, interference with family rights

**4**. Deliberate Indifference to Medical Needs – denial of access to safe treatment (Eighth and Fourteenth Amendments)

**5**. Fraudulent Prosecution and Conspiracy Under Color of Law

**6**. Violation of 18 U.S.C. §§ 2510–2523 – unauthorized wiretapping and digital interference

**7**. Intentional Infliction of Emotional Distress – repeated targeting, humiliation, and mental harm

**Count VI – Defamation and False Light Publication**
Plaintiff's public image was deliberately sabotaged through the posting of manipulated mugshot information, false charges, and impersonation of her identity online. Her Facebook account was hijacked and used to post her own merchandise for sale without her knowledge. Over 300 unauthorized devices were logged into her account, with coordinated activity aimed at destroying her credibility and interfering with her ability to seek housing and employment.

## VI. REQUESTS FOR RELIEF

Plaintiff respectfully asks the Court to grant the following relief:

1.  A preliminary and permanent injunction:
     o  Reinstating Plaintiff's visitation and grandparent rights;
     o  Prohibiting retaliatory Rule 20 assessments;
     o  Blocking further unlawful surveillance and digital interference.
2.  An emergency order halting all state-level custody proceedings and opening an investigation into family court corruption in Minnesota and Cattaraugus County, New York.
3.  An order transferring any related proceedings from the District of Minnesota to this Court, under 28 U.S.C. §1404(a), due to bias, retaliation, and ongoing danger to the Plaintiff.
4.  An order appointing:
     o  Counsel under 28 U.S.C. §1915(e),
     o  A federal forensic cyber analyst to preserve digital evidence and document tampering,
     o  A guardian ad litem or child advocate for her grandchildren to ensure independent investigation.
5.  Monetary damages in excess of **$5 million** for:
     o  Emotional distress,
     o  Loss of family relationships,
     o  Defamation and reputational harm,
     o  Destruction of business and housing stability,
     o  Denial of due process and constitutional rights.
6.  A court order compelling correction of federal records affecting Plaintiff's:
     o  Social Security Disability and Supplemental Security Income payments,
     o  FAFSA submissions and college enrollment rights.
7.  Leave to amend this complaint as discovery reveals additional facts or defendants.
8.  Any further relief the Court deems just and equitable.

**Respectfully submitted,**

Lisa Richmond
21 W 5th St
Allegany, NY 14706
Email: wileyme85@gmail.com
Date: June 29, 2025

**Signature:** Lisa Richmond (Typed signature. Disability accomodations)

**EXHIBIT A**– AFFIDAVIT OF LISA N. RICHMOND

**In Support of Emergency Federal Relief** and **Venue Transfer**

I, Lisa N. Richmond, declare under penalty of perjury:

**1.** I am the Plaintiff in the above-captioned action. I am a grandmother, advocate, and former resident of Minnesota, now living in New York after being forced to flee due to threats, fabricated criminal charges, and digital persecution.

**2.** I am under relentless, illegal surveillance. My phone, email, and internet activity are intercepted, controlled, and blocked. Any person I contact — by phone, text, or email — is digitally affected, harassed, or warned not to help me. I have lost all safe ability to communicate.

**3..** I have been charged with a felony in Scott County (grand theft auto) over a vehicle I had legal access to, on property where I lived. The accuser, "Randy," previously violated me sexually, and a DANCO was issued against him. After I went to the hospital and he went to jail, charges were filed against me over a year later, despite no crime committed by me occurring.

**4.** Randy threatened me repeatedly to stay away from court. His son falsely claimed I assaulted him, and yet no one investigated my side. My public defenders ignored me and failed to act.

**5.** I missed a court date because Randy stole my mail, and I later provided proof to Dakota county Court administration to have the resulting warrant quashed. Despite that, I now face multiple new warrants in Dakota, Rice, and Hennepin Counties, many involving stacked or exaggerated charges, like a Walmart warning turned into a theft charge, and double-booked court dates on July 2, 2025 and formerly on January 29, 2024

**6.** My public defenders, including Grant Sanders , Ushna Altaf, and Emily Ginsburg, as well as the Hennepin County Courts knew I was grieving in New York and had prior assessments proving I was competent — yet they allowed the courts to order multiple new psychological evaluations and issue warrants in retaliation, without basis.

**7.** I am suffering serious medical distress. I have:

Cancer on my face in two locations (unconfirmed due to fear)

Carpal tunnel deterioration so advanced I can barely write or grip

Severe trauma symptoms, including: hypervigilance, fear, inability to focus, heightened anxiety, confusion at happenings, sadness, depression and isolation

Breast pain and colon issues requiring immediate screening

**8.** I do not feel safe going to a hospital, because I fear I will be arrested, drugged, not allowed to leave or my medical records tampered with. I have no access to trauma therapy or safe clinical care. This is intentional medical neglect caused by the State of Minnesota and its agents.

**9.** I have been retaliated against for trying to protect my grandchildren, fight for my rights, and expose corruption involving unlicensed psychologist administering false/fake Rule 20 assessments. They have isolated me digitally and physically. They want me gone. This is not mental illness. This is documented warfare.

**10.** I plead with this Court to intervene. I cannot continue to live like this, under threat, blocked from healthcare, criminalized for defending myself, and forced to choose between arrest or untreated cancer and additional health related issues

I affirm that the above is true and accurate to the best of my knowledge.

Lisa N. Richmond

21 W 5th St

Allegany, NY 14706

Spunkygirl68@proton.me

Dated: July 14, 2025

COVER LETTER TO COURT CLERK

Lisa N. Richmond

~~21 W 5th St~~ 1779 Gargoyle Rd. #27

~~Allegany, NY 14~~706 Olean, NY 14760

Spunkygirl68@proton.me

July 14, 2025

Clerk of Court

United States District Court

Western District of New York

 Buffalo

**RE**: **EMERGENCY FEDERAL CIVIL RIGHTS COMPLAINT** – In Forma Pauperis

Dear Clerk,

Please find enclosed my pro se emergency filing:

- Verified Civil Rights Complaint under 42 U.S.C. § 1983

- Motion for Temporary Restraining Order

- Motion to Transfer Venue

- Supporting Affidavit (Exhibit A)

- Request to proceed In Forma Pauperis

This is an emergency request for medical protection, legal relief, and federal intervention. I respectfully ask that this be docketed immediately and assigned to a federal judge for review. Plaintiff reserves the right to amend by adding Additional names, roles and allegations will be added by hand or via addendum due to digital constraints and urgent filing. Plaintiff will submit a formal addendum complaint if needed or required. UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Thank you for your time and assistance.

Sincerely,

Lisa N. Richmond